UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

PLEASANT VIEW BAPTIST CHURCH, *et al.*,

    Plaintiffs,

v.

GOVERNOR ANDREW BESHEAR,

    Defendant.

Civil No. 2:20-cv-00166-GFVT-CJS

**OPINION
&
ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Constitution does not transform itself because of the moment. But that is not to say that the moment does not present facts so unique that they require courts to engage in the application of Constitutional principles for the first time. The Covid-19 pandemic is such a moment.

This case is part of an ongoing conversation about the Constitutionality of state action in response to the Covid-19 pandemic.[1] Specifically, Plaintiff Pleasant View Baptist Church argues that Governor Beshear not only violated the U.S. Constitution by promulgating Executive Order 2020-969, which temporarily halted in-person classes for public and private schools, but he should also be forced to pay compensatory and punitive damages for his alleged misdeeds. [R. 40-2 at 22.] As explained below, it is clear that Pleasant View cannot prevail because some of Pleasant View's claims are moot and the remaining claims are barred by the doctrine of qualified

---

[1] *See, e.g.*, *Maryville Baptist Church v. Beshear*, 957 F.3d 610 (6th Cir. 2020) (enjoining enforcement of executive orders "prohibiting drive-in services at Maryville Baptist Church"); *Ky. ex rel. Danville Christian Acad., Inc. v. Beshear*, 981 F.3d 505 (6th Cir. 2020) (granting motion to lift stay of enforcement of Executive Order 2020-969 pending appeal).

immunity, either because the actions are not unconstitutional or the circumstances are so unique that the Constitutional principles are not clearly established. Consequently, Defendant's Motion to Dismiss [R. 35] will be **GRANTED**, Plaintiff Pleasant View's Motion to Amend [R. 40] will be **GRANTED**, and this case will be dismissed from the Court's docket.

**I**

This Court is no stranger to litigation pertaining to Governor Beshear's Covid-19 executive orders. *See generally Danville Christian Academy v. Beshear*, 503 F. Supp. 3d 516 (E.D. Ky. 2020); *Tabernacle Baptist Church of Nicholasville, Inc. v. Beshear*, 459 F. Supp. 3d 847 (E.D. Ky. 2020); *Ramsek v. Beshear*, 468 F. Supp. 3d 904 (E.D. Ky. 2020). At issue here is an executive order that Governor Beshear promulgated on November 18, 2020, that halted all in-person instruction beginning on November 23, 2020.[2] [E.O. 2020-969.] Following a hearing and briefing by the parties, the Court denied Pleasant View's preliminary injunction on December 11, 2020. [R. 24.] On December 21, the Sixth Circuit denied Pleasant View's motion for an injunction pending appeal. *Pleasant View Baptist Church v. Beshear*, 838 F. App'x 936 (6th Cir. 2020). Executive Order 2020-969 expired on January 3, 2021. [*See* E.O. 2020-1041.] Governor Beshear subsequently filed a motion to dismiss, and Pleasant View filed a motion to amend.[3] [R. 35; R. 40.] The motions, having been fully briefed, are ripe for review.

---

[2] Originally, Executive Order 2020-968, which reduced indoor capacities at certain establishments within the Commonwealth, was also at issue in this case. [*See* R. 1.] However, the claims pertaining to Executive Order 2020-968, and several other claims, were removed from Pleasant View's Amended Complaint, which the Court grants below. Pleasant View removed the following claims from their Amended Complaint and failed to respond to them in their brief opposing Governor Beshear's motion to dismiss: Count II – violation of the Establishment Clause, Count V – violation of the right to live together as a family, Count VI – violation of the Freedom of Speech, and Count VII – violation of substantive due process. Because these claims have been abandoned, they do not need to be considered here. *See Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007).

[3] On August 13, 2021, Pleasant View filed a second motion to amend and an emergency motion for a temporary restraining order, or in the alternative, a preliminary injunction. [R. 48; R. 49.] Pleasant View filed these motions in response to Governor Beshear's issuance of Executive Order 2021-585 on August 10. The order required a face covering be worn by all children ages two and above, in all "public and private preschool, Head Start, elementary, elementary, middle, and high school (preschool through grade 12) in Kentucky, including but not limited to inside of vehicles, used for transportation such as school buses, regardless of vaccination status." [E.O. 2021-585.] However,

II

Although Defendants' Motion to Dismiss was filed before Plaintiffs' Motion to Amend, "a court must first consider a pending motion to amend before dismissing a complaint." *Buridi v. Branch Banking and Trust Co.*, 2014 WL 90313, at *2 (W.D. Ky. Mar. 7, 2014) (citing *Rice v. Karsch*, 154 F. App'x 454, 465 (6th Cir. 2005)); *see also Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991) (finding error where motion to dismiss was granted when motion to amend was still pending). Therefore, the Court will analyze Plaintiffs' Motion to Amend and then turn to Defendant's Motion to Dismiss. *See In re Flint Water Cases*, 969 F.3d 298, 301 (6th Cir. 2020) (approving of district court's simultaneous rendering of a single opinion addressing parties' motions to dismiss and motion to amend).

A

An initial matter, however, is the question of standing. *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) ("a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought") (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "At least one plaintiff must have standing to seek each form of relief requested in the complaint." *Town of Chester, N.Y.*, 137 S. Ct. at 1651.

Here, the question of standing was addressed in the Court's Opinion and Order issued on December 11, 2020. [R. 24 at 4–9.] Although there is some question as to whether standing must only be established when a lawsuit commences, the Supreme Court "has not explicitly overruled past precedent that confined the standing inquiry to the moment when the lawsuit was

---

Governor Beshear withdrew the executive order on August 23, following an opinion issued by the Kentucky Supreme Court, and this Court dismissed Pleasant View's second motion to amend and preliminary injunction motion without prejudice after the parties filed a joint motion to withdraw the motions. [R. 58.]

3

filed." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558 (6th Cir. 2021). Therefore, because the Court has previously established that Pleasant View has standing to bring its claims, that matter does not need to be readdressed here.

In his Motion to Dismiss, Governor Beshear's only standing argument concerns the standing of certain parties. [R. 35-1 at 7.] Specifically, Governor Beshear argues that "the Large Family Plaintiffs and Watts and Wheatley" lack standing. *Id.* However, because those parties are withdrawn in Pleasant View's Amended Complaint, and Pleasant View's Motion to Amend is granted below, the claims relating to those parties are dismissed and the Court need not further address Governor Beshear's standing argument.

**B**

Rule 15(a)(2) directs that when a party seeks to file an amended pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to allow a party to amend a pleading is within the sound discretion of the district court, but a denial of leave to amend without adequate explanation for the denial constitutes an abuse of that discretion. *Leary v. Daeschner*, 349 F.3d 888, 905–06 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Estes v. Kentucky Utils. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980) ("The determination of whether ... justice would require the allowance of an amendment to an answer is left to the sound discretion of the district court").

In determining whether to allow a proposed amendment, courts should consider factors such as "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "The party opposing the amendment has the burden of demonstrating

4

that it would be prejudicial or futile." *Pruitt v. Genie Indus.*, Inc., 2012 WL 669979, at *3 (E.D. Ky. Feb. 29, 2012). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

A court may deny a motion to amend a complaint if granting the motion would be futile, such as if the amended complaint would not survive a motion to dismiss. *See Halcomb v. Black Mtn. Resources, LLC*, 303 F.R.D. 496, 500 (W.D. Ky. 2014) (citing *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745–46 (6th Cir. 1992)); *see also Hussein v. Beecroft*, 782 F. App'x 437, 443 (6th Cir. 2019) ("A proposed amendment is futile where it would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.") (quoting *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015)).

Here, in the motion to amend, Pleasant View is seeking to "simplify this matter" by withdrawing "Highland Latin School, the Eversons, Duvalls, Watts, Wheatley, and Dr. Saddler, who has already been dismissed," from the litigation and paring down its claims from seven to the following three: (1) violation of the Free Exercise Clause of the First Amendment; (2) violation of the right to private education and for parents to control their children's education; and (3) violation of the freedom to peaceably assemble and the freedom of association. [R. 40 at 2; 40-2 at 18, 21.] Pleasant View is seeking declaratory relief, as well as compensatory and punitive damages against Governor Beshear in his individual capacity. [R. 40-2 at 22.]

In response, Governor Beshear argues that (1) Pleasant View's proposed amended complaint is futile because the amended claims are moot; and (2) Pleasant View's proposed

5

amended complaint is futile because the amended claims cannot survive a motion to dismiss under 12(b)(1) or 12(b)(6). [R. 44 at 4, 9.] In reply, Pleasant View argues that mootness "does not apply to claims for money damages" or "declaratory relief that is coupled with money damages." [R. 46 at 1.]

Ultimately, Pleasant View's Motion to Amend is a trimmed-down version of the original complaint. For the sake of efficiency and judicial economy, and given the interwoven nature of the arguments contained within the motion to amend and the motion to dismiss, the Court will grant Pleasant View's Motion to Amend and substitute the amended complaint for the original complaint in considering Governor Beshear's motion to dismiss. *See Campos v. Louisville Metro Police Officers Credit Union*, 2018 WL 4760501, at *5 (W.D. Ky. Oct. 2, 2018) (finding that when there are "pending motions to dismiss and to amend…[i]t is simply more efficient to grant the motion to amend and then consider whether the amended complaint can survive the pending motion to dismiss") (citing *Rickett v. Smith*, 2015 WL 3580500, at *1, n.1 (W.D. Ky. June 5, 2015)); *Weaver v. AEGON USA, LLC*, 2015 WL 5691836, at *2 (D.S.C. Sept. 28, 2015) (granting motion to amend "to simply the issues now before the Court" and subsequently granting motion to dismiss); *Solomon v. Wake Cnty. Sheriff's Dept.*, 2014 WL 1153738, at *1 (E.D.N.C. Mar. 20, 2014) (granting motion to amend and motion to dismiss).

<h3 style="text-align:center">C</h3>

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual

inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009).

Moreover, the facts that are pled must rise to the level of plausibility, not just possibility; "facts that are merely consistent with a defendant's liability ... stop[ ] short of the line between possibility and plausibility." *Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. 544 at 557). "A clam has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Long v. Insight Comm. Of Cent. Ohio, LLC*, 804 F.3d 791, 794 (6th Cir. 2015) (quoting *Iqbal*, 129 S. Ct. 1937).

Here, Governor Beshear makes the following arguments in his Motion to Dismiss: (1) Pleasant View's claims are moot; (2) Executive Order 2020-969 did not violate the Free Speech Clause or the Freedom of Assembly Clause; and (3) Governor Beshear is immune from Pleasant View's claims against him in his personal capacity.[4] [R. 35-1 at 6, 16–17.] In response, Pleasant View argues that its claims are not moot because Pleasant View asserted money damages; and (2) the Governor is not entitled to immunity for the individual capacity claims against him

---

[4] Governor Beshear also argues that certain plaintiffs lack standing, Executive Order 2020-968 does not violate the First Amendment or the right to live together as a family, and the Court lacks jurisdiction over Pleasant View's state law claims. [R. 7, 10–16, 19.] However, because Pleasant View withdrew those plaintiffs from the lawsuit, withdrew its claims pertaining to Executive Order 2020-968, and withdrew its state law claims in its Motion to Amend, the order granting the Motion to Amend the Complaint renders these arguments moot. *See Henderlight v. Lay*, 2006 WL 1663695, at *3 (E.D. Tenn. June 14, 2006) (finding certain arguments made by the defendant moot after granting plaintiff's motion to amend); *Kelly v. Int. Capital Resources, Inc.*, 231 F.R.D. 502, 513 (M.D. Tenn. 2005) (same).

7

because he violated the Free Exercise Clause, the right to private education, and the right to peaceful assembly and freedom of association, and those rights were clearly established. [R. 41.] The Court will now turn to the parties' mootness and qualified immunity arguments.

a

The mootness doctrine stands for the proposition that "[u]nder Article III of the Constitution, our jurisdiction extends only to actual cases and controversies." *McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc). "The case-or-controversy requirement 'subsists through all stages of federal judicial proceedings, trial and appellate.'" *Ermold v. Davis*, 855 F.3d 715, 718 (6th Cir. 2017) (quoting *Chafin v. Chafin*, 568 U.S. 165, 173 (2013)). Therefore, "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Gottfried v. Medical Planning Services*, 280 F.3d 684, 691 (6th Cir. 2002) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978)). "When establishing whether a claim is moot, the facts of a specific case 'often require a highly individualistic, and usually intuitive' examination. *Pund v. City of Bedford, Ohio*, 339 F. Supp. 3d 701, 710 (N.D. Ohio 2018) (quoting *Gottfried*, 280 F.3d at 691).

"A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203, (1968)). "When a defendant claims that its voluntary cessation of the challenged activity moots a case, it bears the burden of proving mootness." *Sherwood v. Tennessee Valley Authority*, 842 F.3d 400, 405 (6th Cir. 2016) (citing *United States v. Dairy Farmers of Am., Inc.*, 426 F.3d 850, 857 (6th Cir. 2005)).

Here, the Governor argues that Pleasant View's claims are moot because the executive order in question expired earlier this year and was not renewed. [R. 35-1 at 6.] Because the executive order is no longer in place, the Governor argues, Pleasant View's claims must be dismissed. *Id.* In response, Pleasant View argues that because they are asserting money damage claims, their claims are not moot. [R. 41 at 9.] This is true, Pleasant View argues, "of declaratory relief that is coupled with money damages." *Id.*

Pleasant View is correct that damages claims cannot be rendered moot "because a related injunctive relief claim becomes moot." *Ermold*, 855 F.3d at 718 (citing *Powell v. McCormack*, 395 U.S. 486, 498 (1969)); *see also Pund*, 339 F. Supp. 3d at 710 (finding that a moot injunctive claim does not moot claims for monetary relief and declaratory relief). This is because "damages claims 'are retrospective in nature—they compensate for past harm. By definition, then, they cannot be moot." *Ermold*, 855 F.3d at 718 (quoting *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 622 (3d Cir. 2013) (internal quotation marks omitted)). In the amended complaint, Pleasant View is not seeking injunctive relief—only declaratory relief and compensatory and punitive damages. [R. 40-2 at 22.] Therefore, Pleasant View's monetary claims are not moot and Governor Beshear cannot prevail on this basis.

Pleasant View also asks this Court to issue a "declaration that [Executive Order 2020-969] is unconstitutional." [R. 40-2 at 22.] Although Pleasant View's monetary claims are not moot, the Court finds that Pleasant View's claims for declaratory judgment are moot. In *Resurrection School v. Hertel*, --- F.4th ---, 2021 WL 3721475 (6th Cir. Aug. 23, 2021), the Sixth Circuit thoroughly analyzed mootness in the context of statewide Covid-19 regulations and determined that litigation pertaining to Michigan's mask mandate was not moot, despite the mandate's recission. The Court found that the voluntary cessation doctrine applied because it

9

was not "absolutely clear" that the mask mandate could not be reimposed in the future. *Id.* at *9. The Court also found that the capable of repetition, yet evading review exception applied because the challenged action was too short in duration to be fully litigated prior to its expiration and the controversy in question was capable of repetition. *Id.* at 9–10.[5]

Here, the factual predicate in this case also involves a now-expired government mandate (albeit an executive order instead of a department of health and human services requirement) aimed at curbing the spread of Covid-19. [R. 35-1 at 1; R. 40 at 2.] However, this case is distinguishable from *Hertel* for one significant reason. Two days prior to the *Hertel* decision, the Kentucky Supreme Court upheld legislation that amended and curtailed the Governor's power to respond to emergencies, such as the Covid-19 pandemic. *See Cameron v. Beshear*, --- S.W.3d ----, 2021 WL 3730708 (Ky. Aug. 21, 2021) (ordering the trial court to dissolve an injunction that prevented laws from going into effect that restricted "the Governor's ability to take unilateral action during declared emergencies").

Following the Kentucky Supreme Court's decision, it is clear that Executive Order 2020-969 cannot be reimposed by Governor Beshear and that there is no reasonable expectation "that the same complaining party would be subjected to the same action again," because Governor Beshear no longer has the authority to autonomously promulgate Covid-19 executive orders. *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004); *see also Roberts v. Beshear*, 2021 WL 3827128, at *4 (E.D. Ky. Aug. 26, 2021) ("Even if Governor Beshear wanted to invoke another mass gathering ban that effectively shut down in-person church worship, or issue another travel ban, the measures taken by the General Assembly prevent him from lawfully

---

[5] Although *Hertel* pertains to claims for injunctive relief and not declaratory relief, declaratory and injunctive relief in the mootness context are analyzed similarly. *See Blau v. Fort Thomas Public School Dist.*, 401 F.3d 381, 387 (6th Cir. 2005) (grouping claims for injunctive and declaratory relief together for the purposes of mootness analysis and distinguishing from monetary relief); *Donkers v. Simon*, 173 F. App'x 451, 454 (6th Cir. 2006) (same).

doing so. Given these subsequent legal developments, the Plaintiffs' claims are now moot."). Accordingly, in light of the Kentucky Supreme Court's recent ruling in *Cameron v. Beshear*, the Court finds that Pleasant View's request that this Court "issue a declaration that [Executive Order 2020-969] is unconstitutional" is moot.[6]

**b**

Next, Governor Beshear argues that he is entitled to qualified immunity against the claims for monetary damages.[7] Qualified immunity is a defense that protects officials unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). "An official's conduct flunks this 'clearly established' test only if the conduct's unconstitutionality was 'beyond debate' when the official acted, such that any reasonable person would have known that it exceeded constitutional bounds." *DeCrane v. Eckart*, --- F.4th ----, 2021 WL 3909802, at *8 (6th Cir. Sept. 1, 2021). "Qualified immunity is a fact-intensive analysis and will, therefore, turn on the particular circumstances of each case." *Peatross v. City of Memphis*, 818 F.3d 233, 244 n.6 (6th Cir. 2016). Furthermore, qualified immunity is immunity from suit, not merely immunity from liability. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Generally, although the Supreme Court has held that immunity questions should be resolved "at the earliest possible stage in litigation," *Id.* at 232, a court should not consider qualified immunity at the motion to dismiss stage. *See Guertin v. State*, 912 F.3d 907, 917 (6th

---

[6] Governor Beshear argues in his reply in support of his motion to dismiss that the Eleventh Amendment bars Pleasant View's claim seeking a declaration that Executive Order 2020-969 is unconstitutional, which was made against Governor Beshear in his official capacity. [R. 42 at 4–7.] However, because that claim is moot, the Court need not address Governor Beshear's sovereign immunity argument.

[7] Qualified immunity "'only immunizes defendants from monetary damages'—not injunctive or declaratory relief." *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F.3d 396, 417–18 (6th Cir. 2019) (quoting *Williams v. Com. of Ky.*, 24 F.3d 1526, 1541 (6th Cir. 1994)).

11

Cir. 2019) (finding that it is the "general preference" not to resolve a case on qualified immunity grounds at the motion to dismiss stage because "the precise factual basis for the plaintiff's claim or claims may be hard to identify").  However, this is a preference and not the rule.  "[D]espite the general preference to save qualified immunity for summary judgment, sometimes it's best resolved in a motion to dismiss. This happens when the *complaint* establishes the defense." *Siefert v. Hamilton Cty.*, 951 F.3d 753, 762 (6th Cir. 2020) (citing *Peatross*, 818 F.3d at 240).  Relying on *Siefert*, the Sixth Circuit recently held that Governor Whitmer, who was sued in her personal capacity after issuing an executive order temporarily restricting travel between residences within the State of Michigan, would be entitled to qualified immunity at the 12(b)(6) stage.  *Allen v. Whitmer*, --- F. App'x ----, 2021 WL 3140318, at *4 (6th Cir. July 26, 2021) (White, J. Concurring).

To determine whether the complaint establishes the defense, the court must ask "whether the complaint plausibly alleges 'that an official's acts violated the plaintiff's clearly established constitutional right.'"  *Siefert*, 951 F.3d at 762 (quoting *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011)) *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) ("When the qualified immunity defense is raised at the pleading stage, the court must determine only whether the complaint adequately alleges the commission of acts that violated clearly established law.").  If, after taking all facts as true and finding all inference in favor of the plaintiff, the plaintiff has failed to plausibly show a violation of his clearly established rights, "then the officer-defendant is entitled to immunity from suit." *Id.* (citing *Pearson*, 555 U.S. at 232).

Pleasant View argues that Governor Beshear's promulgation of Executive Order 2020-969 fails both prongs of the qualified immunity analysis as to the Free Exercise Clause, the right

12

to private education, and the right to peaceful assembly and freedom of association. [R. 41 at 10–18.] In support of its position as to the Free Exercise Clause, Pleasant View relies on *Maryville Baptist Church v. Beshear*, 957 F.3d 610 (6th Cir. 2020, and *Roberts v. Neace*, 958 F.3d 409 (6th Cir. 2020), which both pertained to a "mass gatherings" executive order, and a Supreme Court decision that was rendered after the executive order at issue in this case had been promulgated.[8] However, of more relevance to this case and the specific executive order at issue, the Sixth Circuit specifically found in *Ky. ex rel. Danville Christian Acad., Inc. v. Beshear*, 981 F.3d 505, 510 (6th Cir. 2020), that "[w]e are not in a position to second-guess the Governor's determination regarding the health and safety of the Commonwealth at this point in time," and permitted Executive Order 2020-969 to go into effect. The Supreme Court then denied the applicants' request for emergency relief. *Danville Christian Academy, Inc. v. Beshear*, 208 L. Ed. 2d 504 (2020). Furthermore, in this case, the Sixth Circuit denied Pleasant View's preliminary injunction, finding that "there is no basis in this emergency setting to distinguish *Danville* from today's case." *Pleasant View Baptist Church*, 838 F. App'x at 938.

Pleasant View also argues that the Sixth Circuit's opinion in *Danville Christian Acad.* was an aberration and was repudiated by *Monclova Christian Acad. v. Toledo-Lucas Cty. Health Dep't*, 984 F.3d 477 (6th Cir. 2020). However, if anything, subsequent disagreement within the Sixth Circuit as to the constitutionality of various orders relating to school closures and school

---

[8] Executive Order 2020-969 was issued on November 18, 2020, and the opinion in *Roman Catholic Diocese v. Cuomo*, 208 L. Ed. 2d 206 (2020), was not issued until November 25, 2020. Opinions issued after the issuance of the executive order cannot be relied upon as "clearly established" if they did not exist at the time the executive order was implemented. *See In re New York City Policing During Summer 2020 Demonstrations*, --- F. Supp. 3d. ----, 2021 WL 2894764, at *19 (S.D.N.Y. July 9, 2021) (finding reliance on Supreme Court opinions not issued until after order implemented does not satisfy the "clearly established" requirement). Pleasant View also relies on *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049 (2020). However, *Our Lady of Guadalupe* involved employment discrimination claims in the religious schools context and therefore fails to demonstrate that Governor Beshear's actions in temporarily halting in-person instruction at all schools within the Commonwealth clearly violated the Free Exercise Clause.

13

mask mandates weighs in favor of a finding that Governor Beshear did not violate any clearly established law when he promulgated Executive Order 2020-969.  *Compare Monclova Christian Acad.*, 984 F.3d at 480–81 (distinguishing *Monclova* from *Danville*), *with Hertel*, 2021 WL 3721475, at *13 ("*Monclova Christian Academy*'s interpretation of [*Danville*] is incorrect…we must follow [*Danville*] rather than *Monclova Christian Academy*").

Pleasant View also argues that the Governor violated the fundamental right to private education and that the right was clearly established.  [R. 41 at 16–17.]  However, as the Court previously explained, the fundamental right to private education has more to do with the fact that "parents have a constitutional right to send their children to private schools and a constitutional right to select private schools that offer specialized instruction."  [R. 24 at 11 (quoting *Ohio Ass'n of Ind. Sch.*, 92 F.3d at 422).]  Executive Order 2020-969 does not prevent parents from choosing to send their children to private school or selecting private schools that offer specialized instruction.  Therefore, because there was no constitutional violation, Governor Beshear is entitled to qualified immunity on the right to private education claim.

Finally, Pleasant View argues that the Governor violated the right to peaceful assembly and freedom of association and those rights were clearly established.  [R. 41 at 17–18.]  However, as explained in the Court's prior order, Executive Order 2020-969 was content neutral and narrowly tailored.  [R. 24 at 11.]  The order required all schools within the Commonwealth, public and private, to transition to online instruction for a few weeks.  [E.O. 2020-969.]  In addition, the order was of a short duration and "serve[d] purposes unrelated to the content of expression."  *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989).  Furthermore, there is no evidence that Executive Order 2020-969 was promulgated for any reason other than to slow the

14

spread of Covid-19.  Governor Beshear is therefore also entitled to qualified immunity as to the right to peacefully assemble and freedom of association claim.

After examining the applicable precedent, particularly in light of a global pandemic, Pleasant View cannot demonstrate that Governor Beshear's issuance of Executive Order 2020-969 violated a clearly established constitutional right, and qualified immunity will be granted on that basis.  In fact, courts across the country have addressed qualified immunity for government officials at the 12(b)(6) stage regarding Covid-19 measures and found government officials to be immune from suit in their personal capacities.  *See generally Benner v. Wolf*, 2021 WL 4123973, at *5 (M.D. Penn. Sept. 9, 2021) (finding Governor Thomas W. Wolf entitled to qualified immunity in his individual capacity on a motion to dismiss in litigation pertaining to his issuance of a Proclamation of Disaster Emergency and subsequent business and school closure orders in light of the Covid-19 pandemic); *Case v. Ivey*, --- F. Supp. 3d ----, 2021 WL 2210589, at *25–26 (M.D. Ala. June 1, 2021) (granting qualified immunity to Governor Kay Ivey in her individual capacity in the motion to dismiss context following litigation pertaining to her proclamation of a national emergency and subsequent orders intended to combat Covid-19); *Northland Baptist Church of St. Paul v. Walz*, --- F. Supp. 3d ----, 2021 WL 1195821, at *8 (D. Minn. Mar. 30, 2021) (granting qualified immunity in the motion to dismiss context to Governor Tim Walz in his individual capacity following the issuance of executive orders in response to Covid-19); *Hartman v. Acton*, 499 F. Supp. 3d 523, 538 (S.D. Ohio 2020) (granting qualified immunity to Ohio Department of Health director in her individual capacity in the motion to dismiss context following issuance of stay at home order in response to the Covid-19 pandemic).

Having resolved this matter on qualified immunity grounds, the Court need not reach the merits.  *See Martin v. City of Eastlake*, 686 F. Supp. 620 (N.D. Ohio 1988) ("The Court shall

15

focus upon whether the police officers are entitled to qualified immunity and need not examine the merits of the § 1983 claim."); *see also Anderson as trustee for next-of-kin of Anderson v. City of Minneapolis*, 934 F.3d 876, 881 (8th Cir. 2019) ("We need not reach the merits of this argument if the individual defendants are entitled to qualified immunity."); *Jain v. Bd. of Educ. of Butler School Dist. 53*, 366 F. Supp. 3d 1014, 1019 (N.D. Ill. 2019) ("The qualified-immunity ground is dispositive, so the Court need not reach the merits.").

### III

Ultimately, Pleasant View's claims for declaratory judgment are moot and Governor Beshear is protected by qualified immunity from claims for monetary damages. After review of the relevant caselaw, it cannot be said that Governor Beshear's implementation of Executive Order 2020-969 violated a clearly established constitutional right. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Pleasant View's Motion to Amend **[R. 40]** is **GRANTED**;

2. Governor Beshear's Motion to Dismiss **[R. 35]** is **GRANTED**; and

3. Judgment shall be entered accordingly.

This the 30th day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge